FILED IN CHAMBERS
U.S.D.C. Atlanta

JUN 1 0 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

State Court of Gwinnett,

    Plaintiff-Respondent,

v.

JAMES D. BOGAN,

    Defendant-Petitioner.

CIVIL ACTION

NO. 1:09-MI-175

1 09-CV-1562



## O R D E R

On May 4, 2009, the above-named Petitioner, proceeding pro se, tendered to the Court a notice of petition for removal, [Doc. 2]¹, seeking to remove his criminal case, 2008D-09715-S4, from the State Court of Gwinnett County to this Court. Petitioner also seeks to initiate an action against Respondent apparently alleging violations of his civil rights and seeking remedy in "Admiralty" law. [Doc. 3]. In connection therewith, Petitioner seeks to proceed in this matter without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a) (1964). After consideration by the Court of Petitioner's affidavit of indigency [Doc. 1], his motion to proceed in forma pauperis **IS HEREBY GRANTED**; however, this matter **SHALL NOT PROCEED** at this time.

---

¹ The Court observes that no certificate of service upon Respondent is attached to the Petitioner's notice of petition for removal. [Doc. 2].

AO 72A
(Rev.8/82)

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court may dismiss a pro se in forma pauperis complaint if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). Whether a petition for removal fails to satisfy the conditions for removal would also appear to be a proper subject for inquiry under 28 U.S.C. § 1915(e)(2) since Petitioner is attempting to remove a state criminal matter. See generally Village of Riverview v. Cranford, 11 Fed. Appx. 693 (8th Cir. 2001) (removal petition dismissed under 28 U.S.C. § 1915(e)(2)(B); Hackett v. State of Tennessee, 54 F.3d 776 (Table) (6th Cir. 1995) (affirming remand of criminal case as frivolous under § 1915 after removal).

Accordingly, the Clerk is **DIRECTED** to submit this matter to the District Court for a frivolity determination under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 10th day of June, 2009.

/s/ E. Clayton Scofield III
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE